UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JESSIE JAMES LAWSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM PHILLIP WYLLIE, III, )<br>*et al.*, )<br>)<br>Defendants. ) | Case No. 7:24-cv-916-GMB |

## MEMORANDUM OPINION AND ORDER

Defendant William Phillip Wyllie, III removed this action from the Circuit Court of Greene County, Alabama, invoking this court's diversity jurisdiction. Doc. 1. Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of a United States Magistrate Judge. Doc. 9. Before the court is Plaintiff Jessie James Lawson's Motion to Remand. Doc. 28. The motion is fully briefed (Docs. 28, 30 & 31) and ripe for decision. For the following reasons, the motion is due to be denied.

### I. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Accordingly, this court is "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d

1365, 1367 (11th Cir. 1994) (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted). When the parties disagree on the court's jurisdiction, doubts are to be resolved in favor of returning the matter to state court on a properly submitted motion to remand. *Burns*, 31 F.3d at 1095.

## II.  PROCEDRUAL HISTORY

After a car wreck in Eutaw, Alabama, Lawson filed a complaint in Greene County asserting negligence and wantonness claims against Wyllie and Wyllie Family, LLC. Doc. 1-1 at 7–13. The complaint alleged that Lawson is a resident of Greene County, Wyllie is a Florida resident, and Wyllie Family, LLC is "an Alabama company formed under the laws of the State of Alabama with its principal place of business in Greene County, Alabama." Doc. 1-1 at 9.

Wyllie removed the complaint to this court and asserted diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. He alleged that the amount in controversy exceeded $75,000 and that "[t]he proper parties to this case are completely diverse" because Lawson is a "resident citizen of the State of Alabama" and Wyllie is a "resident citizen of the State of Florida." Doc. 1 at 4. Wyllie argued that Wyllie Family, LLC was fraudulently joined because Lawson could not prove claims of negligence and wantonness against it. Doc. 1 at 2–3, 6–8. Lawson responded and conceded that

diversity jurisdiction existed, but not because of a fraudulent joinder. Doc. 5. Instead, he argued that all members of the Wyllie Family, LLC are Florida citizens, so the LLC's citizenship is in Florida. Doc. 5; *see also* Doc. 1-2 at 6, 9. Lawson did not challenge the citizenship allegations about Wyllie or the amount in controversy (Doc. 5), and the court found that diversity jurisdiction existed on the record before it. Doc. 20.

The case proceeded with the discovery process under the court's scheduling orders. *See* Docs. 15 & 27. Lawson's counsel deposed Wyllie on February 24, 2025. Doc. 28-2. Lawson's motion to remand followed on April 16, 2025. Doc. 28.

### III. RELEVANT FACTS

Throughout the deposition, Lawson's counsel questioned Wyllie about where he lives. When first asked, Wyllie stated, "I live in two places: Santa Rosa Beach, Florida and Boligee, Alabama." Doc. 28-2 at 4. In describing his home in Florida, Wyllie stated that he has lived there with his wife since 1984. Doc. 28-2 at 4. He testified that he is semi-retired and owns two restaurants in Florida. Doc. 28-2 at 5. He has a Florida mobile number, votes in Florida, has a Florida drivers' license, and pays taxes in Florida. Doc. 28-2 at 11 & 16. Wyllie also testified that he is a resident of Florida and has no intention to change his residency to Alabama. Doc. 28-2 at 16.

Wyllie bought his property in Alabama, which he uses as a hunting camp, about ten years ago. Doc. 28-2 at 5. For the last two or three years, Wyllie has lived

at the house in Alabama for the majority of his time, but he returns to Florida about every two weeks. Doc. 28-2 at 5.  Over just the past year, Wyllie estimates that he split his time evenly between Florida and Alabama. Doc. 28-2 at 17.  His wife generally remains in Florida and would prefer for him to stay in Florida with her. Doc. 28-2 at 5, 16.  Instead, Wyllie likes for his homes to be more of a "seasonal thing" because it is "better at the beach" in August and September. Doc. 28-2 at 16. Wyllie denied that he would prefer to live in Alabama permanently but admitted that he likes to spend most of his time in Alabama. Doc. 28-2 at 17.

Lawson submitted documents from a hardware store in Eutaw to prove the amount of time Wyllie spends in Alabama. Doc. 28-4.  These documents show that Wyllie made purchases at the hardware store during 59 out of 109 weeks in the two years leading up to the accident. Doc. 28-4 at 4–5.

## IV.  DISCUSSION

A defendant may remove a civil action "originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case." *Lost Mtn. Homeowners Assoc., Inc. v. Rice*, 248 F. App'x 114, 115 (11th Cir. 2007).  "Original jurisdiction requires diversity of the parties or the existence of a federal question." *Id.*  Wyllie invokes only this court's diversity jurisdiction in the notice of removal and no federal question appears on the face of the complaint.

Diversity jurisdiction exists when (1) the action is between citizens of

different states and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).  Lawson does not challenge the amount in controversy, but he contends that Wyllie is a citizen of Alabama such that there is no diversity. Doc. 28 at 2 n.1 & 4–15.

"Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Citizenship is equivalent to domicile for purposes of diversity jurisdiction. . . . . A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning . . . ." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (internal quotation marks omitted) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)).  In other words, citizenship requires both residence in a state and an intention to remain there indefinitely. *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021).  Residency is necessary, but insufficient alone, to establish citizenship. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).  A person may reside in one place but be domiciled in another, *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989), but can be domiciled in, and therefore a citizen of, only one state. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

Intent to remain is a nebulous concept and no fact is determinative.  Instead,

"[c]ourts look to various factors in determining a person's intent to remain in a state, including: the location of real and personal property, business ownership, employment records, the location of bank accounts, payment of taxes, voter registration, vehicle registration, driver's license, membership in local organizations, and sworn statements of intent." *Smith*, 991 F.3d at 1149 (citations omitted); *see also Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005) (considering "medical records" and "utility and phone bills"); *Simmons v. Skyway of Ocala*, 592 F. Supp. 356, 359 (S.D. Ga. 1984) (considering "location of one's household furnishings," "acquiring a telephone number and listing it," and "receiving mail"). No single factor is determinative because the court must "assess domicile based on the totality of the circumstances." *See Bal Harbour Shops, LLC v. Saks Fifth Ave. LLC*, 645 F. Supp. 3d 1321, 1328 (S.D. Fla. 2022).

On the whole, the evidence here establishes that at the time of the filing of lawsuit (and now), Wyllie's domicile is in Florida. At the outset, the court notes that the complaint alleges that Wyllie is a "resident" of Florida (Doc. 1-1 at 9) and upon removal Lawson did not question Wyllie's domicile as Florida. *See* Doc. 5. Lawson now, however, asserts that Wyllie is domiciled in Alabama. The court disagrees.

The totality of the facts before the court establish that for the past two or three years Wyllie has spent most of his time at his hunting camp in Alabama. But even if the court were to conclude that he therefore resides in Alabama, this does not mean

that has changed his domicile since a change of domicile requires a "concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely." *McCormick*, 293 F.3d at 1258.  Wyllie may have a physical presence in a new location—his Alabama hunting camp—but what is lacking is any evidence of his intent to remain in Alabama indefinitely.  Instead, Wyllie's sworn testimony is that he has lived in Florida with his wife since 1984, owns two restaurants in Florida and returns every two weeks to check on them, maintains a Florida driver's license and voting registration, and pays taxes in Florida. Doc. 28-2 at 4, 5, 11 & 16.  Finally, when directly asked if he would like to live in Alabama permanently, Wyllie replied in the negative.[1] Doc. 28-2 at 17.  The preponderance of the evidence thus reflects that Wyllie's domicile remains in Florida.

Courts considering similar evidence have arrived at the same conclusion.  For example, in *Britton v. Scott*, 1996 WL 608541, at *3 (S.D. Fla. Sept. 27, 1996), the court determined that a defendant's residence in Florida did not result in an abandonment of his New York domicile.  There, the defendant owned and resided in a house in Florida, worked for a Florida-based company as a house painter, applied for a Florida contractor's license, and maintained bank accounts in Florida. *Id*. at *2.  He also "state[d] that he intended to make Florida his winter (part-time)

---

[1] Subjective statements of intent are relevant, but not dispositive, *Slate v. Shell Oil Co*., 444 F. Supp. 2d 1210, 1215 (S.D. Ala. 2006), especially when made with an awareness of the significance of such expressions to the jurisdictional analysis.

7

residence on a permanent, or at least indefinite, basis." *Id*. The could found, however, that this evidence did not show an abandonment of his New York domicile because the defendant "did not have a Florida driver's license, was not registered to vote in Florida, owned vehicles that were both registered and insured as New York vehicles, filed and paid New York State Income taxes, and declared New York State as his residency and domicile on his Federal and New York State Income Tax Returns." *Id*. On these facts, the court found that the defendant was "a permanent but part-time resident of Florida and a part-time resident of New York" but because of "the existence of objective criteria which support[ed] the conclusion that the Defendant ha[d] never abandoned his New York domicile, . . . Defendant [wa]s, in fact, a citizen of New York." *Id*. at *3. Wyllie is similarly situated; he may enjoy part-time residency in Alabama, but he has not abandoned his Florida domicile.

Based on the evidence in totality, the court concludes that Wyllie is domiciled in Florida. All parties therefore are diverse for jurisdictional purposes.

## V. CONCLUSION

For these reasons, it is ORDERED that the Motion to Remand (Doc. 28) is DENIED.

DONE and ORDERED on July 7, 2025.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE